

October 25, 2021

<u>VIA E-FILING</u>
The Honorable Richard G. Andrews
United States District Court
844 North King Street, Unit 9
Room 6325
Wilmington, DE 19801

     Re:   *TQ Delta LLC v. DISH Network Corporation, et al.*, C.A. No. 15-614-RGA

Dear Judge Andrews:

We write on behalf of Plaintiff TQ Delta pursuant to the procedures set forth in the April 13, 2021 Scheduling Order to request permission to file a motion for summary judgment of no invalidity under 35 U.S.C §§ 102 and 103 as to patents and printed publications due to IPR estoppel. *See* D.I. 238 ("I ORDER that no motions are permitted unless the party seeking permission to file the motion obtains it from me by writing a no more than three-page letter explaining why it is essential that the motion be filed and why it is likely to win the motion.").

It is essential that the motion be heard and decided now because costly expert discovery is approaching and Defendant DISH contends, contrary to a stipulation it entered before the case was stayed (and contrary to every other defendant in the related cases who entered the same stipulation), that it is not subject to IPR estoppel; and DISH further is demanding TQ Delta's detailed response to the vast and unwieldy invalidity grounds it is estopped from asserting. TQ Delta is likely to win the motion because the stipulation is clear and unequivocal: IPR estoppel applies to DISH and precludes all of its disclosed §§ 102 and 103 invalidity contentions.

**Background**

TQ Delta filed the Complaint on July 17, 2015, alleging patent infringement by DISH's products and services implementing "MoCA" standards for video/data communication over coaxial cable. D.I. 1. TQ Delta also filed suit on the same patents against defendants Comcast, Cox, Time Warner Cable, and Verizon. C.A. Nos. 15-611-RGA, 15-612-RGA, 15-615-RGA, 15-616-RGA. This letter concerns the two remaining asserted patents, U.S. Patent Nos. 8,718,158 ("the '158 patent") and 9,014,243 ("the '243 patent").

All defendants served initial invalidity contentions on April 22, 2016 and supplemental invalidity contentions on October 31, 2016. DISH served a further supplement on August 6, 2021. DISH's contentions assert at least **104 alleged prior art patent and printed publication references** and myriad grounds under §§ 102 and 103 applying one or more of the 104 references as primary, secondary and/or alternative references. *See, e.g.,* Ex. 1 (cover pleading to DISH's 2nd supplemental invalidity charts) at 7 and 10-12. Defendants' Common Interrogatory No. 9 requests TQ Delta to provide "all factual and legal bases for your disagreement with Defendants' contentions that the Asserted Claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112 …."

On May 6, 2016, third-party Cisco Systems, Inc. filed *inter partes* reviews, including IPR2016-01021 concerning the '158 patent and IPR2016-01020 concerning the '243 patent. On November

4, 2016, the Patent Trial and Appeal Board instituted IPR2016-01020 and IPR2016-01021 (each an "Instituted Cisco IPR").

On December 20, 2016, the Court entered a Stipulation to Stay the Case pending resolution of certain IPRs, including the Instituted Cisco IPRs. D.I. 214. In exchange for TQ Delta agreeing to the stay, DISH, who was not a petitioner in the Instituted Cisco IPRs at that time, stipulated that IPR estoppel would apply to DISH to the same extent as if DISH had been the petitioner:

> For any claim of the Asserted Patents that is challenged in an **Instituted Cisco IPR** or in the Instituted ARRIS IPR that is not cancelled or found unpatentable by the PTAB in a final written decision under 35 U.S.C. § 318(a) in the IPR, DISH, and any real parties in interest or privy thereof, shall be bound and estopped pursuant to 35 U.S.C. § 315(e) **and thus may not assert in this action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review**.

D.I. 214 at 2-3 (emphasis added). The same stipulation was entered in each of other pending related cases. C.A. No. 16-211, D.I. 231 (Comcast); C.A. No. 16-212, D.I. 229 (Cox); C.A. No. 16-215, D.I. 218 (Time Warner Cable); C.A. No. 16-216, D.I. 231 (Verizon).

The Instituted Cisco IPRs went forward and, in 2019, the Federal Circuit held that all claims of the '158 and '243 patents were not unpatentable and, thus, the claims were not cancelled. *TQ Delta, LLC v. Cisco Sys.*, 942 F.3d 1352, 1363 (Fed. Cir. 2019).

This Court lifted the stay on April 13, 2021. D.I. 238. Close of fact discovery and final invalidity contentions are set for January 28, 2022 and opening expert reports are due on March 4, 2022. D.I. 320.

After receiving the benefit of a nearly four-and-a-half year stay, during which it continued to infringe the '158 and '243 patents, DISH now wants to assert the defenses it gave up in exchange for that stay. By continuing to assert the defenses it expressly gave up by stipulation, DISH is unreasonably causing undue expense to TQ Delta and creating unnecessary work for the Court.

**Argument**

    **1. Resolution of this motion now is essential so that TQ Delta is not forced to choose between wasting resources responding to DISH's improper invalidity contentions or facing DISH's argument that TQ Delta waived its rebuttal to such contentions.**

All of the remaining defendants agreed to the same Stipulation to Stay, but DISH is the only one to contend that it is not subject to the same IPR estoppel as the petitioner. Cox, Comcast, Time Warner Cable, and Verizon have each confirmed that they will honor the stipulation and not assert that any claim of the '158 or '243 patents are invalid on any ground that was raised or reasonably could have been raised by Cisco in the Instituted Cisco IPRs. Every one of the §§ 102 and 103 invalidity grounds raised in DISH's invalidity contentions – all based on patents and printed publications – are grounds that Cisco raised or reasonably could have raised. DISH's refusal to honor the Stipulation to Stay and insistence that TQ Delta must further supplement its response to Common Interrogatory No. 9 has necessitated the filing of this letter and the

proposed motion for summary judgment.

As noted above, the defendants served initial invalidity contentions in 2016. Later the same year, they served supplemental invalidity contentions. Recently, on August 6, 2021, DISH *alone* served second supplemental invalidity contentions. D.I. 286.

On August 24, 2021, DISH's counsel wrote to TQ Delta, noting that DISH supplemented its invalidity contentions on August 6 and asking TQ Delta to supplement its response to Common Interrogatory No. 9. Ex. 2 at 3. TQ Delta responded to DISH on the same day, drawing DISH's attention to the Stipulation to Stay that it entered five years ago, noting that all of DISH's disclosed §§ 102 and 103 defenses were raised or reasonably could have been raised in the IPRs, and explaining that, therefore, DISH's request seeks discovery that is not relevant to any viable claim or defense. Ex. 2 at 2.

On September 8, DISH's replied, incorrectly asserting that DISH is not subject to IPR estoppel because it "became a party to the IPRs for the '158 and '243 patents through a joinder request and was not the original petitioner." *Id.* at 1 (citing *Network-1 Techs., Inc. v. Hewlett-Packard Co.*, 981 F.3d 1015, 1027 (Fed. Cir. 2020)). DISH further stated that it "reserves all rights to seek exclusion of any validity theories not timely disclosed in TQ Delta's contention interrogatory responses." Ex. 2 at 2. On September 10, TQ Delta further responded, explaining why the Stipulation rendered irrelevant the *Network-1* case and requesting that DISH immediately raise this issue with the Court. Ex. 2 at 1. DISH refused to do so and refused to join in this letter.

DISH's refusal to concede that its §§ 102 and 103 defenses are foreclosed by IPR estoppel has forced TQ Delta to seek relief from the Court now, before expending undue financial resources and time responding to DISH's invalidity contentions that should have been withdrawn.

2. **TQ Delta is likely to win the proposed motion for summary judgment of IPR estoppel**

DISH contends that IPR estoppel does not apply to it because it was not the petitioner of the Instituted Cisco IPRs, but only became involved because it filed its own IPR that was joined with the Instituted Cisco IPRs after the stipulation. Ex. 2 at 1-2. But the Stipulation states that DISH "shall be bound and estopped pursuant to 35 U.S.C. § 315(e) and thus may not assert in this action . . . that the claim is invalid on any ground that **the petitioner** raised or reasonably could have raised during **that** *inter partes* review," where "that" refers back to the "Instituted Cisco IPRs." D.I. 214 at 2-3. Thus, the estoppel to which DISH stipulated is measured with respect to the Instituted Cisco IPRs (not any later IPR resulting from its own petitions even if joined with the Instituted Cisco IPRs) and applies to DISH to the same extent as if it were the petitioner of the Instituted Cisco IPRs (who was only Cisco at the time of the Stipulation). The *Network-1* case, which DISH relies on, is inapposite because it did not involve such a stipulation.

**Conclusion**

For the foregoing reasons, TQ Delta respectfully requests that the Court grant its request and allow TQ Delta to file a motion by November 5, 2021 for summary judgment of IPR estoppel precluding DISH from raising its §§ 102 and 103 invalidity defenses.

                                                    Respectfully submitted,

                                                    /s/ Brian E. Farnan

                                                    Brian E. Farnan

cc: Counsel of Record (Via E-Filing)