IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-614-RGA |
| DISH NETWORK CORPORATION, *et al.*, | : |
| Defendants. | : |

**SPECIAL MASTER ORDER #8 – RULING ON PLAINTIFF TQ DELTA'S MOTION SEEKING (I) AN ORDER TO ENFORCE THE IPR ESTOPPEL PROVISIONS OF THE STIPULATION TO STAY THE CASE, AND (II) A PROTECTIVE ORDER PRECLUDING DISCOVERY BY DISH OF TQ DELTA'S REBUTTAL TO DISH'S INVALIDITY CONTENTIONS THAT ASSERT INVALIDITY THEORIES WHICH TQ DELTA CLAIMS ARE SUBJECT TO IPR ESTOPPEL**

Pending before the Special Master is Plaintiff TQ Delta, LLC's ("TQ Delta" or "Plaintiff") motion seeking (i) an Order enforcing the IPR estoppel provisions of the Stipulation to Stay the Case (D.I. 214, hereinafter "Stipulation to Stay") and thereby precluding Defendants DISH Network Corp., DISH Network LLC, DISH DBS Corp., and DISH Technologies L.L.C. (collectively "DISH") from further assertion of invalidity defenses under 35 U.S.C. §§ 102 and 103 based on patents and/or printed publications, and (ii) a protective order precluding discovery by DISH of TQ Delta's rebuttal to DISH's invalidity contentions that assert invalidity theories which TQ Delta claims are subject to IPR estoppel. DISH opposes TQ Delta's motion on the following grounds: (i) TQ Delta's request for the Special Master to enforce the IPR estoppel provision of the Stipulation to Stay improperly seeks summary judgment so that TQ Delta can avoid having to satisfy its discovery obligations; (ii) consideration of TQ Delta's request to enforce the IPR estoppel provision of the Stipulation to Stay is beyond the Special Master's authority and the Special Master should decline TQ Delta's invitation to render judgment on DISH's defenses

on jurisdictional grounds; (iii) TQ Delta's request for summary judgment is premature because factual disputes remain and preclude judgment at this early stage; and (iv) the request to enforce the IPR estoppel provision of the Stipulation to Stay fails on its merits because the IPR estoppel provision has not been triggered.

After considering the written submissions of the parties, for the reasons set forth below, the Special Master HEREBY DENIES TQ Delta's motion for a protective order to preclude discovery by DISH of TQ Delta's rebuttal to DISH's invalidity contentions that assert those invalidity theories which TQ Delta claims are subject to IPR estoppel. The denial of TQ Delta's motion for a protective order is not a ruling on the merits of the enforceability of the IPR estoppel provision of the Stipulation to Stay and is without prejudice to TQ Delta's right to seek summary judgment of no invalidity under 35 U.S.C. §§102 and 103 as to patents and printed publications due to IPR estoppel after the close of discovery.

I.   **BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

A. **TQ Delta Initiates This Action**

TQ Delta initiated this action on July 17, 2015 alleging that DISH infringed seven (7) of TQ Delta's patents, including among others, U.S. Patent Nos. 8,718,158 (the "'158 Patent") and 9,014,243 (the "'243 Patent").[1] (D.I. 1).

Relevant to the dispute before the Special Master, DISH served upon TQ Delta its Initial Invalidity Contentions on April 22, 2016, and its First Supplemental Initial Invalidity Contentions on October 31, 2016. (D.I. 59, 158). On July 15, 2016, DISH (and the Other Defendants) served

---

[1] TQ Delta also commenced suits against defendants Comcast Cable Communications, LLC, CoxCom LLC, Time Warner Cable Inc., and Verizon Services Corp. (collectively, the "Other Defendants") similarly alleging infringement of the '158 Patent and the '243 Patent. *See* C.A. Nos. 15-611-RGA, 15-612-RGA, 15-615-RGA, 15-616-RGA (collectively referred to as the "Related Cases").

Defendants' Second Set of Common Interrogatories to Plaintiff TQ Delta, LLC, which included Common Interrogatory No. 9. (D.I. 114). Common Interrogatory No. 9 requested TQ Delta to provide "all factual and legal bases for your disagreement with Defendants' contentions that the Asserted Claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112 . . . ."

### B. The Instituted Cisco IPRs Are Filed And This Action Is Stayed

On May 6, 2016, third-party Cisco Systems, Inc. filed *inter partes* reviews, including IPR2016-01021 concerning the '158 Patent and IPR2016-01020 concerning the '243 Patent. On November 4, 2016, the Patent Trial and Appeal Board ("PTAB") instituted IPR2016-01021 and IPR2016-01020 (collectively, the "Instituted Cisco IPRs").

As a result of the Instituted Cisco IPRs and other pending *inter partes* reviews, on November 22, 2016, DISH moved to stay this action. (D.I. 195, 197). On December 16, 2016, the parties stipulated to stay this action and, on December 20, 2016, the Court entered the Stipulation to Stay as an Order of the Court (the "Stipulation to Stay"). (D.I. 214). Pursuant to the Stipulation to Stay, this action was stayed pending the resolution of certain IPRs, including the Instituted Cisco IPRs. *Id.*

Pertinent to the present dispute, the Stipulation to Stay included a provision relating to IPR estoppel. Specifically, the Stipulation to Stay provided:

> For any claim of the Asserted Patents that is challenged in an Instituted Cisco IPR or in the Instituted ARRIS IPR *that is not cancelled or found unpatentable by the PTAB in a final written decision under 35 U.S.C. § 318(a) in the IPR*, DISH, and any real parties in interest or privy thereof, shall be bound and estopped pursuant to 35 U.S.C. § 315(e) and thus may not assert in this action or in another civil action arising in whole or in part under 28 U.S.C. § 1338 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review. . . .

3

(D.I. 214 at 2-3 (emphasis added)).[2]

The Instituted Cisco IPRs ensued and, on October 26, 2017, the PTAB found that all claims of the '158 and '243 patents were unpatentable. *Cisco Systems, Inc. et al. v. TQ Delta, LLC*, No. IPR2016-01020 (P.T.A.B. Oct. 26, 2017); *Cisco Systems, Inc. et al. v. TQ Delta, LLC*, No. IPR2016-01021 (P.T.A.B. Oct. 26, 2017). TQ Delta appealed the PTAB decisions to the Federal Circuit Court of Appeals. On appeal, the Federal Circuit reversed the PTAB decisions based upon its finding that the PTAB's obviousness determinations were not supported by substantial evidence. *TQ Delta, LLC v. Cisco Sys.*, 942 F.3d 1352, 1363 (Fed. Cir. 2019).

### C. The Stay Of This Action Is Lifted

On April 13, 2021, the Court lifted the stay of this action. (D.I. 238). The Court's Order lifting the stay expressly stated that it "decline[d] to permit the filing of any motions through April 1, 2022, whether for IPR estoppel or for claim construction or for anything else" and that "no motions are permitted unless either the party seeking permission to file the motion obtains it from [the Court] by writing a no more than three-page letter explaining why it is essential that the motion be filed and why it is likely to win the motion ." *Id.* The Court also noted that, in the event of any discovery or schedule disputes, it would appoint a Special Master. *Id.* On July 30, 2021, TQ Delta requested the Court appoint a Special Master to handle ongoing discovery disputes. (D.I. 279). On August 2, 2021, the Court issued an Order referring the case to the Clerk for assignment of a Special Master. (D.I. 282).

---

[2] This provision of the Stipulation to Stay is referred to herein as the "IPR estoppel provision." A substantively identical stipulation was entered in each of the Related Cases. C.A. No. 15-611-RGA, D.I. 231; C.A. No. 15-612-RGA, D.I. 229; C.A. No. 15-615-RGA, D.I. 218; C.A. No. 15-616-RGA, D.I. 231.

On August 11, 2021, the Court issued an Order appointing the Special Master (the "Special Master Order"). (D.I. 287 at 2). The Special Master Order specifically appointed the Special Master "to manage discovery" and authorized the Special Master to "to regulate all proceedings and take all measures necessary to address issues related to the parties' discovery disputes and rule on same." (*Id.* at 2).

According to the case schedule currently in place, close of fact discovery and final invalidity contentions are set for January 28, 2022, and opening expert reports are due on March 4, 2020. (D.I. 320).

### D. The Present Dispute

On August 6, 2021, DISH served TQ Delta with its Second Supplemental Initial Invalidity Contentions. (D.I. 286). According to TQ Delta, DISH's Second Supplemental Invalidity Contentions assert "at least 104 alleged prior art patent and printed publication references and myriad grounds under §§ 102 and 103 applying one or more of the 104 references as primary, secondary and/or alternative references." (D.I. 328 at 1).

On August 24, 2021, DISH's counsel wrote to counsel for TQ Delta alleging deficiencies with regard to TQ Delta's response to Common Interrogatory No. 9. (D.I. 328-2). Counsel for TQ Delta responded on the same day asserting that DISH was estopped by the IPR estoppel provision in the Stipulation to Stay from asserting any invalidity defenses that were raised or could have been raised in the Instituted Cisco IPRs. *Id.* Counsel for DISH responded on September 8, 2021 contending that DISH was not estopped by the IPR estoppel provision. *Id.* The parties have been unable to resolve the dispute regarding the effect of the IPR estoppel provision in the action.

On October 25, 2021, TQ Delta filed with the Court a letter requesting permission to file a motion for summary judgment of no invalidity under 35 U.S.C. §§ 102 and 103 as to patents and

printed publications due to IPR estoppel.[3] (D.I. 328). TQ Delta further requested a protective order precluding discovery by DISH of TQ Delta's rebuttal to DISH's invalidity contentions that assert those invalidity theories which TQ Delta claims are subject to IPR estoppel. On October 28, 2021, the Court issued an Oral Order finding that TQ Delta "raised what is akin to a discovery dispute, that is, whether it has to respond to discovery on issues that it says DISH is estopped by agreement from raising" and, thus, referred the dispute to the Special Master. (D.I. 330).

On November 1, 2021, DISH served the Special Master with a letter in response to TQ Delta's letter of October 25, 2021.[4] Subsequently, TQ Delta requested additional briefing and, on November 5, 2021, the Special Master heard oral argument on TQ Delta's request for additional briefing. At the conclusion of the hearing, the Special Master granted additional briefing to both sides.

On November 12, 2021, TQ Delta lodged upon the Special Master its supplemental letter brief in support of its motion seeking (i) an order to enforce the IPR estoppel provision of the Stipulation to Stay and thereby preclude DISH from further assertion of invalidity defenses under 35 U.S.C. §§ 102 and 103 based on patents and/or printed publications; and (ii) a protective order precluding discovery by DISH of TQ Delta's rebuttal to DISH's invalidity contentions that assert those invalidity theories which TQ Delta claims are subject to IPR estoppel.[5] In support of its requests, TQ Delta relies upon the IPR estoppel provision and argues that IPR estoppel applies to DISH and precludes all of DISH's disclosed §§ 102 and 103 invalidity contentions. (Supp. Op.

---

[3] TQ Delta's October 25, 2021 letter is referred to herein as the "Opening Letter Brief" or "Op. Ltr. Br."

[4] DISH's November 1, 2021 letter is referred to herein as the "Answering Letter Brief" or "Ans. Ltr. Br."

[5] TQ Delta's November 12, 2021 supplemental letter brief is referred to herein as the "Supplemental Opening Brief" or "Supp. Op. Br."

Br. at 5-7). TQ Delta further requests an award of attorneys' fees for it having to pursue its requests before the Court. (*Id.* at 7-8).

On December 1, 2021, DISH lodged upon the Special Master its supplemental letter brief in opposition to TQ Delta's requests.[6] DISH's Supplemental Answering Brief opposes the relief sought by TQ Delta on several grounds. First, DISH contends that TQ Delta has failed to demonstrate good cause to justify the award of a protective order. (Supp. Ans. Br. at 2). Second, DISH contends that TQ Delta's request for the Special Master to render judgment on the parties claims and defenses is beyond the authority of the Special Master. (*Id.* at 2-3). Third, DISH contends that TQ Delta's motion fails on its merits because the IPR estoppel provision was not triggered and, thus, does not apply. (*Id.* at 4-6). Alternatively, DISH contends that, even if the IPR estoppel provision was triggered and did apply, estoppel would be limited under 35 U.S.C. § 315(e). (*Id.* at 6-9). Lastly, DISH opposes TQ Delta's request for attorneys' fees and requests an award of its own reasonable attorneys' fees and expenses incurred in responding to TQ Delta's requests. (*Id.* at 10).

## II. DISCUSSION

### A. The Special Master Limits His Ruling To TQ Delta's Motion For A Protective Order And Refrains From Rendering Summary Judgment And/Or Judgment On The Parties Claims And Defenses In This Action.

The Special Master must initially address the parties' arguments concerning the Special Master's authority to render summary judgment and/or judgment on the parties claims and defenses in this action. Such consideration begins with the Court's October 28, 2021 Oral Order referring the present dispute to the Special Master. Within the Oral Order, the Court stated that

---

[6] DISH's December 1, 2021 supplemental letter brief is referred to herein as the "Supplemental Answering Brief" or "Supp. Ans. Br."

7

"Plaintiff has raised what is akin to a discovery dispute" and further identified the issue as "whether [Plaintiff] has to respond to discovery on issues that it says DISH is estopped by agreement from raising." (D.I. 330). The Special Master interprets the Oral Order to request him to evaluate only that precise issue, i.e., whether TQ Delta is required to respond to discovery concerning DISH's invalidity contentions that assert invalidity theories which TQ Delta claims are subject to and precluded by the IPR estoppel provision. Such an interpretation is consistent with the Special Master Order. The Special Master Order sets forth the Special Master's responsibilities to include "manag[ing] **discovery**" and "regulat[ing] all proceedings and tak[ing] all measures necessary to **address issues related to the parties' discovery disputes** and rul[ing] on same."[7] (D.I. 287 (emphasis added)).

TQ Delta argues that Federal Rule of Civil Procedure 53 provides the Special Master with the authority to hear the entirety of the parties' dispute, including the issue of whether TQ Delta is entitled to summary judgment under the IPR estoppel provision. (Supp. Op. Br. at 4). While Federal Rule of Civil Procedure Rule 53(a)(1)(C) permits a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district[,]" the Special Master does not find those circumstances present in this action. Thus, the Special Master finds that he is not authorized to decide whether TQ Delta is entitled to summary judgment under the IPR estoppel provision and/or to render judgment on the parties' claims and defenses in this action.

---

[7] This is also consistent with the Special Master's understanding of his appointment, which is demonstrated through Special Master Order #1 - Procedures for the Handling of Discovery Disputes Before Special Master Gregory B. Williams ("Special Master Order #1"). (D.I. 289). Specifically, Special Master Order #1 sets forth that "the Special Master is authorized to manage discovery; to hear, resolve, and rule on all disputes regarding discovery . . ."

Accordingly, within this Order, the Special Master will limit his ruling to the discovery issue within his authority - TQ Delta's motion for a protective order - and the issue of whether TQ Delta is required to respond to discovery concerning TQ Delta's rebuttal to DISH's invalidity contentions that assert invalidity theories which TQ Delta claims are subject to and precluded by the IPR estoppel provision. The Special Master wants to be clear that he is not ruling upon the merits of TQ Delta's request for an order to enforce the IPR estoppel provisions of the Stipulation to Stay and thereby preclude DISH from further assertion of invalidity defenses under 35 U.S.C. §§ 102 or 103 based upon patents or printed publications.[8]

### B. TQ Delta's Motion For A Protective Order Precluding Discovery By DISH Of TQ Delta's Rebuttal To DISH's Invalidity Contentions That Assert Those Invalidity Theories Which TQ Delta Claims Are Subject To IPR Estoppel Is Denied.

#### i. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

**Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, in part, that "the court may, for good cause, issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or

---

[8] Even if the Special Master were to consider TQ Delta's request for summary judgment, there remain questions of fact that need to be developed fully on the record that are relevant to the issue of whether IPR estoppel applies to DISH and precludes all of its §§102 and 103 invalidity contentions.

9

discovery; . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. Pro. 26(c)(1). Also, Rule 26(c)(2) provides that "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery."

### ii. TQ Delta fails to demonstrate good cause entitling it to a protective order.

TQ Delta seeks an order that it need not further respond to Defendants' Common Interrogatory No. 9 or otherwise provide a rebuttal to DISH's invalidity contentions that assert certain invalidity theories which TQ Delta claims are subject to IPR estoppel. (Supp. Op. Br. at 8). The crux of TQ Delta's argument is that the IPR estoppel provision of the Stipulation to Stay precludes DISH from maintaining its invalidity positions and, therefore, discovery to rebut DISH's invalidity contentions that assert those invalidity theories should not be permitted. (Supp. Op. Br. at 5-6). In opposition, DISH asserts, among other things, that the IPR estoppel provision has not been triggered and, thus, it is not precluded from pursuing its invalidity defenses under 35 U.S.C. §§ 102 and 103 based on patents and/or printed publications. (Supp. Ans. Br. at 4-6). Thus, central to TQ Delta's request for a protective order is the issue of whether the IPR estoppel provision has clearly been triggered and precludes DISH from discovery related to its asserted invalidity defenses under 35 U.S.C. §§ 102 and 103.

In reviewing the effects of a stipulation entered into by the parties, a court must consider the stipulation's plain language. *In re Odyssey Contracting Corp.*, 944 F.3d 483, 487 (3d Cir. 2019). The IPR estoppel provision precludes DISH from asserting that any claim challenged in the Instituted Cisco IPR that "the petitioner raised or reasonably could have raised during that inter partes review" if such claim was "*not cancelled or found unpatentable by the PTAB in a final written decision under 35 U.S.C. § 318(a) in the IPR*[.]" (D.I. 214 at 2-3). Under the IPR estoppel

provision, it appears from the plain language that "[e]stoppel only applies to a claim that is ***not*** cancelled or found unpatentable by the PTAB in a final written decision under 35 U.S.C. § 318(a)." (Supp. Ans. Br. at 5).

Here, the parties do not dispute that the PTAB found all of the challenged claims of the '158 Patent and '243 Patent unpatentable. *Cisco Systems, Inc. et al. v. TQ Delta, LLC*, No. IPR2016-01020 (P.T.A.B. Oct. 26, 2017); *Cisco Systems, Inc. et al. v. TQ Delta, LLC*, No. IPR2016-01021 (P.T.A.B. Oct. 26, 2017). TQ Delta, however, argues and requests the Special Master to find that the Federal Circuit's reversal of the PTAB's final written decisions "rendered them a legal nullity and effectively transformed the PTAB's finding of unpatentability into a finding of "not patentable." (Supp. Op. Br. at 6). DISH responds that there remain material issues of fact that preclude judgment on that issue at this time, including the parties' discussions, intent and/or agreement, if any, as to what effect the Federal Circuit's reversal of the PTAB's final written decisions would have on the IPR estoppel provision of the Stipulation to Stay. (Supp. Ans. Br. at 4-9).

For purposes of the discovery issue properly before the Special Master– whether TQ Delta has to respond to the pending discovery concerning its rebuttal to the invalidity contentions served by DISH that assert invalidity theories which TQ Delta claims are precluded by IPR estoppel – the Special Master finds that it is not clear from the plain language of the Stipulation to Stay that the IPR estoppel provision has been triggered and clearly precludes discovery on DISH's invalidity contentions under 35 U.S.C. §§ 102 and 103. Thus, TQ Delta has not shown good cause entitling it to the requested protective order.

In light of the circumstances present in this action including, but not limited to, the plain language of the Stipulation to Stay, the importance of the invalidity defenses at issue, the amount

11

in controversy, the parties' relative access to the information responsive to the discovery in dispute, and the parties' resources, the Special Master concludes that there is an absence of good cause to justify a protective order and the discovery in dispute should proceed so there exists a complete record and to avoid discovery needing to be reopened at some later date should the Court disagree with TQ Delta's arguments related to the effect and/or scope of the IPR estoppel provision of the Stipulation to Stay when the Court decides the merits of the issue. Accordingly, TQ Delta must respond to Defendants' Common Interrogatory No. 9 and provide a rebuttal to DISH's invalidity contentions, including those that assert invalidity defenses under 35 U.S.C. §§ 102 and 103.[9]

### C. Both Parties' Requests For Expenses And Attorneys' Fees Are Denied.

TQ Delta requests the Court order DISH to pay its reasonable expenses incurred in bringing its motion, including attorneys' fees, pursuant to Federal Rule of Civil Procedure 37. (Supp. Op. Br. at 7-8). DISH opposes TQ Delta's request for expenses and attorney's fees and requests the Court to order TQ Delta to pay its expenses and attorneys' fees incurred in defending against TQ Delta's motion. (Supp. Ans. Br. at 9-10). "[T]he imposition of sanctions for abuse of discovery under Fed. R. Civ. Pro. 37 is a matter within the discretion of the trial court." *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir.1995) (internal quotation marks omitted); *see also* L.R. 1.3(a) ("Sanctions may be imposed, at the discretion of the Court, for violations of the Rules, as well as for violations of the Fed. R. Civ. P. and any other of the Court. Such sanctions may include, but are not limited to, costs, fines and attorneys' fees imposed on the offending party and that party's attorney."). The Special Master, in his discretion, denies both TQ Delta's and DISH's

---

[9] Again, the Special Master is not ruling upon the merits of TQ Delta's request for an order to enforce the IPR estoppel provisions of the Stipulation to Stay and thereby preclude DISH from further assertion of invalidity defenses under 35 U.S.C. §§ 102 or 103 based upon patents or printed publications. That issue is reserved for the Court to decide after the close of discovery or when it otherwise finds appropriate.

requests for expenses and attorneys' fees related to TQ Delta's motion. Given that the Special Master has denied TQ Delta's motion for a protective order, TQ Delta is not entitled to an award of its expenses and attorneys' fees in seeking such relief. Also, the Special Master finds that TQ Delta's requests were not violative of any rules of the Court or intended to recklessly cause DISH to needlessly incur expenses. Therefore, DISH's request for expenses and attorneys' fees in responding to TQ Delta's motion is also denied.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that TQ Delta's motion for a protective order precluding discovery by DISH of TQ Delta's rebuttal to DISH's invalidity contentions is DENIED without prejudice to TQ Delta's right to seek summary judgment of no invalidity under 35 U.S.C. §§102 and 103 as to patents and printed publications due to IPR estoppel after the close of discovery. TQ Delta shall respond within thirty (30) days to Defendants' Common Interrogatory No. 9 and any other related discovery request that TQ Delta was not responding to on the basis of the IPR estoppel provision of the Stipulation to Stay.

ENTERED this 10th day of December 2021.

Gregory B. Williams (#4195)
Special Master

SO ORDERED this _____ day of _____, 2021.

UNITED STATES DISTRICT COURT JUDGE